Ratcliff v. Lighty

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION ASUMMARY ORDER@). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fifteen.

**PRESENT:**

> **PIERRE N. LEVAL,**
> **ROSEMARY S. POOLER,**
> **DENNY CHIN,**
> *Circuit Judges.*

---

**ELIJAH W. RATCLIFF, AGENT,**

> *Plaintiff-Appellant*,

v.                                                                                    **14-2010**

**DONALD LIGHTY, STATE BAR OF TEXAS, POLK COUNTY, TEXAS, UNAUTHORIZED PRACTICE OF LAW COMMITTEE, KENNETH HAMMACK, SHERIFF OF POLK COUNTY, TEXAS, JOHN THOMPSON, COUNTY JUDGE, POLK COUNTY, TEXAS, STATE OF TEXAS, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, CAROL W. COLVIN. Commissioner of the Social Security**

**Administration,[1]**

*Defendants-Appellees*.

---

**FOR PLAINTIFF-APPELLANT:**          Elijah W. Ratcliff, pro se, Brooklyn, N.Y.

Appeal from the judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Elijah W. Ratcliff, pro se, appeals from the district court's dismissal of his complaint against various government officials for allegedly withholding Social Security benefits and increasing costs related to his disability. We assume the parties= familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) as the complaint was "virtually identical" to a previously-filed complaint dismissed as frivolous in *Ratcliff v. Lighty*, No. 14-CV-2704 (S.D.N.Y May 27, 2014) (ECF Docket No. 4). The district court dismissed the instant complaint for the reasons set forth in its previous order. *Ratcliff v. Lighty*, No. 14-cv-3680 (S.D.N.Y. June 2, 2014 ) (ECF Docket No. 5).

We review de novo a district court's sua sponte dismissal of a complaint pursuant

---

1  **Carol W. Colvin is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).**

2

to § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, Ratcliff waived appellate review of nearly all of his claims by failing to challenge the basis for the district court's dismissal on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Second, even if we were to consider those claims, our independent review of the record and case law demonstrates that the district court correctly dismissed the complaint for the reasons set forth in its order dismissing the case. We have considered Ratcliff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3